IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM LUJANO,

                          Plaintiff,

       v.                                                    OPINION and ORDER

DEPUTY DANIEL KLIEBENSTEIN,                                      25-cv-101-jdp
DEPUTY LANCE RANDALL, and
DEPUTY MCGLYNN,

                          Defendants.

---

Plaintiff Adam Lujano, proceeding without counsel, is currently a prisoner at Menard Correctional Center in Menard, Illinois. Lujano alleges that, while he was detained at Wisconsin's Sauk County jail in January 2024, three deputies beat him because he chose to pack up his materials before heading to segregation. Lujano alleges that the deputies hit him, tased him, and slammed his head into a door and the floor repeatedly. I allowed Lujano to proceed on excessive force claims against defendants Deputy Daniel Kliebenstein, Deputy Lance Randall, and Deputy McGlynn.

Defendants move for summary judgment, contending that Lujano failed to exhaust his administrative remedies because he didn't take all steps required by the jail's grievance procedures. I will grant the motion and dismiss the case because Lujano did not complete the final step of the grievance process by appealing to the sheriff.

ANALYSIS

**A. Lujano's motions for an extension of time to respond to defendants' motion**

Lujano did not respond to defendants' motion for summary judgment. But he moves for an extension of time to respond. Dkt. 37 and Dkt. 40. Lujano's original deadline to file a response was February 13, 2026. He filed his first motion for an extension of time on May 5, 2026. He filed a second motion for an extension of time on May 15, 2026. He did not attach a proposed response to either motion.

In his motions for an extension of time, Lujano contends that he was unable to file a timely response for three reasons. First, Lujano was on crisis watch during the week of March 10, 2026, and he was sent to the hospital for a few days as a result. Second, Lujano was transferred from Lawrence Correctional Center in Summer, Illinois, to Menard Correctional Center on April 18, 2026. Third, Lujano alleges that prison officials at Menard are withholding half of his legal work, including his materials related to this case.

The problem with Lujano's reasoning is that his original deadline to file a response was about a month before he was placed on crisis watch, and more than two months before he was transferred to Menard. Lujano does not explain these gaps. More to the point, Lujano does not explain why he was unable to file a response by the original deadline. I will deny Lujano's motions for an extension of time.

Because Lujano did not respond to defendants' summary judgment motion, I will accept their evidence as undisputed, *House v. Derouin*, No. 19-cv-1061-jdp, 2020 WL 6384197, at *1 (W.D. Wis. Oct. 30, 2020), but defendants still have the burden to show that summary judgment is appropriate, *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011).

**B.  Defendants' motion for summary judgment on failure to exhaust**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison or jail conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005) (per curiam), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The Sauk County Sheriff's Department Information Handbook contains a policy governing inmate grievances. Inmates receive the handbook during the booking process. The policy details a four-step grievance process:

> Step 1 will be addressed by a Sergeant.
>
> Step 2 (first appeal level) will be addressed by the Jail Captain.
>
> Step 3 (second appeal level) will be addressed by the Chief Deputy.
>
> Step 4 will be addressed by the Sheriff.

3

Dkt. 32, Ex. 1, at 24 (cleaned up).[1] The sheriff's review of an inmate's grievance is the "final level of appeal." *Id.* It is undisputed that Lujano took the first three steps in the jail's grievance process. Dkt. 31, ¶¶ 7–12.

Defendants contend that Lujano didn't take the final step in the grievance process. Dkt. 30, at 8. To support their contention, defendants submit as an exhibit the record for Lujano's grievance for the events underlying this lawsuit. The record indicates that non-party Chief Deputy Van Den Heuvel responded to Lujano's second appeal of his grievance decision (the third step of the jail's grievance process). Van Den Heuvel wrote:

> Wisconsin law (DOC 350.22) and the policies of this Office permit deputies to use force which is reasonably necessary to achieve the desired objective. Changing the location of an inmate and protection of oneself or others are listed as such objectives. In this matter, you were given directives to facilitate your movement from your assigned housing unit to another housing unit. You indicated an intent to and then physically resisted deputies. The deputies used a reasonable amount of force to overcome your resistive and assaultive conduct. Your grievance is denied. Chief Deputy Van Den Heuvel

Dkt. 32, Ex. 2, at 2. The record indicates that Lujano repeatedly "Viewed Staff Response" after receiving Van Den Heuvel's response. Although the record includes entries for Lujano's appeal to the jail captain and appeal to the chief deputy, it does not include an entry showing that Lujano appealed Van Den Heuvel's response to the sheriff.

Defendants have shown that Lujano failed to exhaust his administrative remedies. The Sauk County Sheriff's Department Information Handbook put Lujano on notice that the Sauk County jail's grievance process had four steps, the final step of which is the sheriff's review

---

[1] Citations to filings from the docket use the page numbers assigned by the court's electronic filing system, not the page numbers in the original document.

of the chief deputy's response to an inmate's grievance. The chief deputy's response notified Lujano that his grievance had been denied at the third step. Lujano did not complete the fourth step by appealing to the sheriff.

Lujano has failed to exhaust his administrative remedies, so I will dismiss the case. This dismissal is without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), although it is almost certainly too late for Lujano to properly exhaust his claims now.

I will deny as moot Lujano's motion for issuance of a subpoena.

### ORDER

IT IS ORDERED that:

1.  Plaintiff Adam Lujano's motions for an extension of time to respond to defendants' motion for summary judgment, Dkt. 37 and Dkt. 40, are DENIED.

2.  Defendants Deputy Daniel Kliebenstein, Deputy Lance Randall, and Deputy McGlynn's motion for summary judgment on exhaustion grounds, Dkt. 29, is GRANTED.

3.  Lujano's motion for issuance of a subpoena, Dkt. 41, is DENIED as moot.

4.  This case is DISMISSED without prejudice.

5.  The clerk of court is directed to enter judgment accordingly and close the case.

Entered May 26, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5